**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KATHLEEN STONE,<br><br>　　　　*Plaintiff,*<br><br>　v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and JOHN AND JANE DOES 1-50,<br><br>　　　　*Defendants.* | Civ. No. 1:24-cv-11897-LTS-JCB |

**PLAINTIFF KATHLEEN STONE'S PROPOSED SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S MOTION TO DISMISS**

**NESENOFF & MILTENBERG, LLP**

Andrew T. Miltenberg, Esq. *(pro hac vice)*
Gabrielle M. Vinci, Esq. *(pro hac vice)*
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
gvinci@nmllplaw.com

Tara J. Davis, Esq. (BBO No. 675346)
Regina M. Federico, Esq. (BBO No. 700099)
101 Federal Street, Nineteenth Floor
Boston, Massachusetts 02110
(617) 209-2188
tdavis@nmllplaw.com
rfederico@nmllplaw.com

**EXHIBIT A**

## INTRODUCTION

Plaintiff Kathleen Stone ("Plaintiff" or "Coach Stone") respectfully submits this sur-reply in further opposition to defendant President and Fellows of Harvard College's ("Defendant's" or "Harvard's") Motion to Dismiss (the "Motion") and for the purpose of addressing issues and arguments raised in Harvard's Reply Brief (the "Reply"). [ECF No. 32] In the Reply, Harvard accused Coach Stone of attempting to re-write her pleadings in an effort to stave off dismissal of this matter. In reality, however, Harvard uses its Reply not only to improperly assert arguments made for the first time on reply, a mistake fatal to such arguments, but emphasize and treat as fact inflammatory accusations against Coach Stone in an effort to distract and mislead the Court from the actual facts at hand in this matter.

For the reasons stated below and for the reasons outlined in detail in Plaintiff's memorandum of law in opposition to Defendant's Motion, (the "Opposition Memo") [ECF No. 24], Defendant's arguments should be dismissed and its Motion denied.

## STATEMENT OF FACTS

Plaintiff respectfully refers the Court to Plaintiff's Complaint, filed July 23, 2024, [ECF No. 1], and the Statement of Facts contained in Plaintiff's Opposition Memo, [ECF 24, 1-7], for a full recitation of the facts and allegations underlying this action.

### I. Plaintiff Has Sufficiently Pled an Inference of Discrimination

Defendant uses the Reply to re-iterate arguments made in its moving brief to assert that Plaintiff has failed to allege an inference of discrimination or retaliation related to Plaintiff's forced early retirement. In doing so, Defendant refers again to the accusations lodged against Plaintiff in the media outlets *The Boston Globe* and *The Athletic*.

**EXHIBIT A**

Although Harvard states in its Reply that it is not relying on the inflammatory allegations in these articles for the truth of the matter, and is not asking the court to do so either, Havard goes on to state that the article should still be considered to demonstrate, in essence, Harvard's mindset at the time these circumstances were occurring. However, on a motion to dismiss, the Court should not be concerned with Defendant's mindset but only with the four corners of the pleading presented before it.

As argued in Plaintiff's Opposition, and as alleged in the Complaint, the uncontested facts are that after an investigation into the baseless media frenzy against Plaintiff, Harvard found Coach Stone innocent of the alleged misconduct but, despite having permitted male coaches and staff to avoid any disciplinary action under similar circumstances, Harvard proceeded to force Coach Stone to retire or face her contract not being renewed, an act tantamount to a termination. Harvard would seem to prefer the court *not* to look at these actual facts but to make a determination of whether Harvard had a basis to terminate Coach Stone based solely on the inflammatory allegations in the articles. However, as alleged in the Complaint, the facts remain that Harvard admitted that Coach Stone would have received different treatment had she been a man, Harvard cleared Coach Stone of the misconduct allegations against her, and unlike male staff in previous similar situations, Coach Stone still incurred discipline and faced the ultimatum to leave quietly or be forced out of employment. Taken together, and for the reasons set forth in the Opposition Memo, Plaintiff has alleged an inference of discrimination sufficient to overcome Defendant's Motion.

II. **Plaintiff Has Properly Pled a Claim for a Hostile Work Environment**

Preliminarily, it should be noted that Harvard failed to make *any* substantive argument for dismissal of Plaintiff's hostile work environment claim in its moving memorandum. *See generally,*

ECF 14. Instead, Harvard incorrectly asserted that Plaintiff Stone had not asserted a hostile work environment claim without more elaboration. It is only now, on reply, that Harvard attempts to substantively argue for the dismissal of Plaintiff's hostile work environment claims. Harvard's failure to raise such arguments in its moving memorandum is fatal to its request for dismissal now. *See e.g.*, *Seafreze Shoreside, Inc. v. United States Dept. of the Interior*, 2024 WL 4986216, at *15 fn. 9, (1st Cir. Dec. 5, 2024) (citing *Lahens v. AT&T Mobility P.R., Inc.*, 28 F.4th 325, 328 n.1 (1st Cir. 2022) ("Arguments raised for the first time in a reply are ordinarily deemed waived[.]"); *Massachusetts ex rel. Powell v. Holmes*, 546 F. Supp. 3d 58, 80, 80 n. 9 (D. Mass. 2021) ("a reply memorandum is not to file new arguments that could have been raised in a supporting memorandum. Where, as here, a moving party raises an argument for the first time in a reply, that argument is waived."); *Murray v. Under Tach., Inc.*, 486 F. Supp. 3d 468, 473 (2020). Accordingly, for this reason alone, Harvard's motion to dismiss Plaintiff's hostile work environment claims should be denied.

To the extent the court considers Harvard's arguments raised for the first time on reply, Harvard's contentions still fail. To establish a *prima facie* case for a hostile work environment claim under Title VII, an employee must plead: (i) that she is a member of a protected class; (ii) that she was subjected to harassment on the basis of that protected characteristic; (iii) that the harassment was "sufficiently severe or pervasive so as to alter the conditions of employment"; and (iv) the harassing conduct was both objectively and subjectively offensive such that a reasonable person would find it hostile. *See McIntosh v. Mass. Bay Transp. Auth.*, 2024 WL 2704997, at *5 (May 27, 2024).

Similarly, to establish a hostile work environment under Chapter 151B, a plaintiff must plead a "work environment that is 'pervaded by harassment or abuse, with the resulting

intimidation, humiliation, and stigmatization, [and that] poses a formidable barrier in the workplace." *Harvey v. Mass. Institute of Tech.*, 2025 WL 5008884, at *2 (D. Mass. Dec. 6, 2024) (opining that the basic framework for Title VII hostile work environment claims apply to Chapter 151B hostile work environment claims).

In determining whether a pleading has sufficiently pled a hostile work environment, the "[c]ourt must look at 'all the circumstances, including the frequency and severity of the discriminatory conduct, whether it was physically threatening or humiliating, and whether it unreasonably interfered with [the plaintiff's] work performance.'" *Id*.

Plaintiff has sufficiently alleged a hostile work environment under both Title VII and Chapter 151B. Specifically, Plaintiff has alleged that she was knowingly underpaid vis-à-vis her male colleagues and, after being subjected to false allegations of misconduct, was: (i) subjected to repeated investigations by Harvard, despite evidence and conclusions demonstrating Plaintiff's innocence of the allegations against her; (ii) prohibited by Harvard to defend herself publicly from mounting defamatory and biased media against her and provided false assurances by Harvard that Defendant would mount her defense against such media; (iii) subjected to disciplinary and corrective action, vis-à-vis a Performance Improvement Plan, despite Defendant's inquiries finding that Plaintiff had committed no wrongdoing after investigation; and (iv) forced to resign prematurely.

Although "[t]here is no mathematically precise test to determine whether [plaintiff] presented sufficient evidence that she was subjected to a hostile work environment," at the pleading stage, and taking into account the liberal construction of Chapter 151B, the foregoing is sufficient to "nudge [plaintiff's] claim across the line from conceivable to plausible", and

Defendant's Motion should be denied. *See Harvey v. Mass. Institute of Tech.*, 2025 WL 5008884, at *3-4.

## CONCLUSION

For the reasons set forth above and in Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, Harvard's motion should be denied, and Plaintiff should be awarded such other relief as the Court deems just and proper. To the extent that this Court may be inclined to dismiss any claim, such dismissal should be without prejudice and with leave to amend.

**Respectfully submitted,**

**NESENOFF & MILTENBERG, LLP**

*Attorneys for Plaintiff Kathleen Stone*

**By: */s/ Gabrielle M. Vinci*
Andrew T. Miltenberg, Esq. *(pro hac vice)*
Gabrielle M. Vinci, Esq. *(pro hac vice)*
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
gvinci@nmllplaw.com**

**By: */s/ Tara J. Davis*
Tara J. Davis, Esq. (BBO No. 675346)
Regina M. Federico, Esq. (BBO No. 700099)
101 Federal Street, Nineteenth Floor
Boston, Massachusetts 02110
(617) 209-2188
tdavis@nmllplaw.com
rfederico@nmllplaw.com**

**EXHIBIT A**

## **CERTIFICATE OF SERVICE**

      I, Gabrielle M. Vinci, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served upon anyone indicated as a non-registered participant.

                                                      */s/ Gabrielle M. Vinci*
                                                      Gabrielle M. Vinci

Case 1:24-cv-11897-LTS   Document 33-1   Filed 12/27/24   Page 7 of 7