UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN STONE,<br><br>*Plaintiff,*<br><br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and JOHN AND JANE DOES 1-50,<br><br>*Defendants.* | Civ. No. 1:24-cv-11897-LTS-JCB |

**JOINT 26(f) REPORT**

Pursuant to and in compliance with Fed. R. Civ. P. 26(f), Local Rule 16.1, and this Court's March 19, 2025 Notice of Scheduling Conference, counsel for Plaintiff Kathleen Stone ("Plaintiff") and Defendant President and Fellows of Harvard College ("Defendant Harvard" and, together with Plaintiff, the "Parties") have conferred and submit this Joint Statement in advance of the conference set for April 14, 2025.

1. **Concise Summary of the Position of the Plaintiff and Defendant Harvard.** The Parties respectfully state as follows:

    a. **Plaintiff's Statement:** Plaintiff alleges that Defendant Harvard unlawfully discriminated against her in the terms and conditions of her employment in that Defendant Harvard, among other things, failed to compensate Plaintiff at an equal rate to her male similarly situated male counterpart(s) and discriminated against Plaintiff on the basis of her gender leading to her unlawful termination/forced retirement. Plaintiff has set forth claims for damages against Defendant Harvard pursuant to Title VI of the Civil Rights Act of 1964, Mass. Gen. Laws ch. 151B,

1

the federal Equal Pay Act of 1963, the Massachusetts Act to Establish Pay Equity. Plaintiff seeks to recover for the various forms of damage that she has suffered, including lost back pay and benefits, loss of career opportunities, reputational harm, emotional distress and harm to her mental and physical well-being, and attorneys' fees.

b. **Defendant's Harvard's Statement:** Defendant Harvard neither discriminated nor retaliated against Plaintiff on the basis of her gender pursuant to Title VII of the Civil Rights Act of 1964 and Mass. Gen. Laws c. 151B. Further, Defendant Harvard appropriately and lawfully compensated Plaintiff for her employment and did not violate the Massachusetts Act to Establish Pay Equity nor the Equal Pay Act of 1963. In 2022, Defendant Harvard conducted a good-faith, reasonable evaluation of its pay practices and adjusted Plaintiff's pay accordingly. In 2023, Defendant Harvard learned of widespread allegations against Plaintiff for her misconduct toward student-athletes. Several months later, Defendant Harvard informed Plaintiff it would not renew her employment for the next year. Defendant Harvard did not terminate nor retaliate against Plaintiff on the basis of her gender. Thus, Defendant Harvard seeks a judgement dismissing Plaintiff's claims in their entirety.

2. **Proposed Schedule for Discovery and Dispositive Motions.** Pursuant to the attached Proposed Scheduling Order, the Parties propose the following schedule for discovery and dispositive motion practice:

   a. **Initial Disclosures:** The Parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by May 5, 2025.

b. **Amendments to Pleadings.** Except for good cause shown, no motion seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after:

   i. **Plaintiff's Proposed Date**: September 29, 2025. Plaintiff proposes this deadline to account for the expiration of the deadline to serve written discovery and timeline to respond to same (i.e., 30 days after the deadline to serve all interrogatories and requests for production of documents).

   ii. **Defendant Harvard's Proposed Date**: As to Defendant Harvard, thirty days after the Court's determination and final order on the Report and Recommendations related to Defendant Harvard's Motion to Dismiss, ECF 41. As to the John and Jane Doe Defendant(s), August 29, 2025. Defendant Harvard submits an earlier amendment date is appropriate as to Defendant Harvard, given the nature of the claims at issue here require administrative exhaustion and/or are otherwise known to Plaintiff at this time. Further, this date ensures that discovery contemplates the comprehensive Complaint and thus allows the parties to understand and explore in discovery, in the first instance, the facts and legal issues in the case. At the same time, Defendant Harvard understands Plaintiff seeks a later amendment date as to the unnamed parties, and submits that August 29 provides sufficient time to make any such changes, while ensuring that discovery captures the comprehensive issues in the case.

c. **Fact Discovery – Interim Deadlines.**

   i. All written fact discovery, which includes interrogatories and requests for production of documents, must be served by August 14, 2025.

   ii. Substantial completion of document productions must be achieved by December 19, 2025.

   iii. All requests for admission must be served by January 5, 2026.

   iv. All depositions, other than expert depositions, must be completed by February 4, 2026.

d. **Fact Discovery – Final Deadline.** All discovery, other than expert discovery, must be completed by February 4, 2026.

e. **Status Conference.** A status conference will be held on dates to be determined by the Court. The Parties respectfully request a status conference within 30 days after the close of discovery and within 30 days after a ruling on any motion for summary judgment.

f. **Expert Discovery.**

   i. Plaintiff's trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by the close of fact discovery.

   ii. Plaintiff's trial experts must be deposed by 30 days after service of Plaintiff's designation.

   iii. Defendant(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by 45 days after service of Plaintiff's designation.

      iv. Defendant(s)' trial experts must be deposed by 30 days after service of defendant's designation.

  g. **Dispositive Motions.**

      i. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed within 45 days after the close of expert discovery.

      ii. Oppositions to dispositive motions must be filed within 30 days after service of the motion.

3. **Discovery Limitations.** The parties propose that discovery be governed by and limited in accordance with Local Rule 26.1(c) and Fed. R. Civ. P. 26, subject to further request by either Party. The Parties do not propose conducting phased discovery.

4. **Certifications Signed by Counsel.** Counsel for the Parties respectfully refer the Court to Exhibits B and C, annexed hereto, for the required certifications confirming counsel's conferral with their respective clients.

Dated: Boston, Massachusetts
April 7, 2025

                                                                **Respectfully submitted,**

| | |
|---|---|
| **NESENOFF & MILTENBERG, LLP** | **FOLEY HOAG LLP** |
| *Counsel for Plaintiff John Doe* | *Counsel for Defendant President and Fellows of Harvard College* |
| By: */s/ Tara Davis* | By: */s/ Allison Anderson* |
| **Andrew T. Miltenberg** *(pro hac vice)* | Madeleine K. Rodriguez (BBO No. 684394) |
| **Gabrielle M. Vinci** *(pro hac vice)* | Allison L. Anderson (BBO No. 687662) |
| 363 Seventh Avenue, Fifth Floor | Leah S. Rizkallah (BBO No. 696949) |
| New York, New York 10001 | Emily J. Nash (BBO No. 696460) |

**(212) 736-4500**
**amiltenberg@nmllplaw.com**
**gvinci@nmllplaw.com**


**Tara J. Davis (BBO No. 675346)**
**Regina M. Federico (BBO No. 700099)**
**101 Federal Street, Nineteenth Floor**
**Boston, Massachusetts 02110**
**(617) 209-2188**
**tdavis@nmllplaw.com**
**rfederico@nmllplaw.com**

**Maureen S. Berry (BBO No. 712841)**
**155 Seaport Boulevard**
**Boston, Massachusetts 02210**
**(617) 832-1000**
**mrodriguez@foleyhoag.com**
**alanderson@foleyhoag.com**
**lrizkallah@foleyhoag.com**
**enash@foleyhoag.com**
**mberry@foleyhoag.com**

**CERTIFICATE OF SERVICE**

    I, Tara J. Davis, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served upon anyone indicated as a non-registered participant.

                                        */s/ Tara J. Davis*
                                        Tara J. Davis, Esq.