# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN STONE,<br><br>*Plaintiff,*<br><br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE, and JOHN AND JANE DOES 1-50,<br><br>*Defendants.* | Civ. No. 1:24-cv-11897-LTS-JCB |

### [PROPOSED] SCHEDULING ORDER

This scheduling order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

### Timetable for Discovery and Motion Practice

1. **Initial Disclosures:** The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by May 5, 2025.

2. **Amendments to Pleadings.** Except for good cause shown, no motion seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after

   - **Plaintiff's Proposed Date**: September 29, 2025. Plaintiff proposes this deadline to account for the expiration of the deadline to serve written discovery and timeline to respond to same (i.e., 30 days after the deadline to serve all interrogatories and requests for production of documents).

   - **Defendant's Proposed Date**: As to Defendant Harvard, thirty days after the Court's determination and final order on the Report and Recommendations related

1

to Defendant Harvard's Motion to Dismiss, ECF 41. As to the John and Jane Doe Defendant(s), August 29, 2025. Defendant Harvard submits an earlier amendment date is appropriate as to Defendant Harvard, given the nature of the claims at issue here require administrative exhaustion and/or are otherwise known to Plaintiff at this time. Further, this date ensures that discovery contemplates the comprehensive Complaint and thus allows the parties to understand and explore in discovery, in the first instance, the facts and legal issues in the case. At the same time, Defendant Harvard understands Plaintiff seeks a later amendment date as to the unnamed parties, and submits that August 29 provides sufficient time to make any such changes, while ensuring that discovery captures the comprehensive issues in the case.

3. **Fact Discovery – Interim Deadlines.**

- All written fact discovery, which includes interrogatories and requests for production of documents, must be served by August 14, 2025.
- Substantial completion of document productions must be achieved by December 19, 2025.
- All requests for admission must be served by January 5, 2026.
- All depositions, other than expert depositions, must be completed by February 4, 2026.

4. **Fact Discovery – Final Deadline.** All discovery, other than expert discovery, must be completed by February 4, 2026.

5. **Status Conference.** A status conference will be held on dates to be determined by the Court. The Parties respectfully request a status conference within 30 days after the close of discovery and within 30 days after a ruling on any motion for summary judgment.

6. **Expert Discovery.**

- Plaintiff's trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by the close of fact discovery.

- Plaintiff's trial experts must be deposed by 30 days after service of Plaintiff's designation.

- Defendant(s)' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by 45 days after service of Plaintiff's designation.

- Defendant(s)' trial experts must be deposed by 30 days after service of defendant's designation.

7. **Dispositive Motions.**

- Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed within 45 days after the close of expert discovery.

- Oppositions to dispositive motions must be filed within 30 days after service of the motion.

**Procedural Provisions**

1. **Status Conferences.** The Court has scheduled a status conference after (or close to) the close of discovery for case management purposes. Any party who reasonably believes that

a status conference will assist in the management or resolution of the case may request one from the Court upon reasonable notice to opposing counsel.

2.	**Additional Conferences.** Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

3.	**Early Resolution of Issues.** The Court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

4.	**Pretrial Conference.** Lead trial are required to attend any pretrial conference.

5.	**Modification of Scheduling Order**. Pursuant to LR 16.1(G), the Scheduling Order, having been established with the participation of all parties, can be modified only by court order, and only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, the remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

**Dated: April 7, 2025**

_____
**JENNIFER C. BOAL**
**UNITED STATES MAGISTRATE JUDGE**