UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN STONE,<br><br>    Plaintiff,<br><br>v.<br><br>PRESIDENT AND FELLOWS OF<br>HARVARD COLLEGE, and<br>JOHN AND JANE DOES 1-50,<br><br>    Defendants. | Civil No. 24-11897-LTS |

ORDER ON REPORT AND RECOMMENDATION (DOC. NO. 41)

April 25, 2025

SOROKIN, J.

Harvard objects to Judge Boal's Report and Recommendation ("R&R") recommending the Court deny Harvard's Motion to Dismiss the Complaint in all but one respect. The Court reviews the Objections filed by Harvard de novo and addresses each argument advanced below. See United States v. J.C.D., 861 F.3d 1, 6 (1st Cir. 2017) (citing 28 U.S.C. § 636(b)(1)) ("The District Court is only obliged to perform de novo review of disputed portions of the report and recommendation.").

    I.    DISCUSSION

        A.    Statute of Limitations on Equal Pay Act ("EPA") Claim

Harvard's first Objection concerns the timeliness of claims arising from paychecks outside the statute of limitations. Harvard concedes both that the EPA's statute of limitations is

either two or three years depending on willfulness,[1] and that an EPA claim arises each time an employee receives a paycheck that reflects past discrimination. Doc. No. 43 at 6-7. Taking these two admissions together, as long as Stone received a paycheck within three years of filing a Complaint (or two years, if Stone ultimately fails to establish willfulness), the resulting Complaint is timely filed.

Insofar as Harvard's Objection contends that any claim arising from earlier paychecks is an untimely claim barred by the statute of limitations, several considerations apply. An EPA claim accrues with each paycheck embodying the discriminatory differential in pay. See LeGoff v. Trs. of Bos. Univ., 23 F. Supp. 2d 120, 126 (D. Mass. 1998) (holding EPA "is violated each time an employee receives a lower paycheck because of her sex, no matter how many equally discriminatory paychecks she may have received in the past"). When Congress adopted the Lilly Ledbetter Act, it neither altered the EPA nor disturbed this portion of the rule. See Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5 (noting purpose to "amend title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, and to modify the operation of the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973"); see, e.g., Gibson v. United States, No. 19-529C, 2019 U.S. Claims LEXIS 1339, at *9 (Fed. Cl. Oct. 7, 2019) ("Under the [EPA], a claim accrues every time an allegedly

---

[1] The Court OVERRULES the Objection pertaining to willfulness. As Judge Boal noted, Stone alleged that "Harvard failed to pay similarly situated coaches equally," and that "Harvard admitted that the new model [for coaches' compensation in 2018] did not reach pay equity, would not reach pay equity, and there was nothing further Harvard intended to do to reach pay equity." Doc. No. 41 at 12 (citing Doc. No. 1 ¶¶ 35-38). Harvard contends that its multiple pay adjustments do not rise to the level of reckless disregard. However, willfulness "is a fact-intensive inquiry not appropriately resolved on a motion to dismiss." Goodman v. Port Auth. of N.Y. & N.J., 850 F. Supp. 2d 363, 381 (S.D.N.Y. 2012). Accordingly, because Stone has plausibly pled that Harvard willfully violated the EPA, the Court declines to dismiss the claim on that ground.

insufficient paycheck is issued."); McGee v. Regents of the Univ. of Cal., No. 2:20-cv-10697, 2021 U.S. Dist. LEXIS 144479, at *20 (C.D. Cal. June 8, 2021) (holding "[e]ach discriminatory paycheck [Plaintiff] received constitutes a separate violation of the EPA").

Accordingly, claims arising from paychecks issued more than three years before the filing of the Complaint are untimely absent the application of some other principle of law. Two such principles are the discovery rule and the continuing-violation doctrine. Stone has not contended that the discovery rule can apply under the EPA to toll the statute of limitations nor that the facts warrant the application of such a rule here if it is even available under the law. But see Metzinger v. United States, 173 Fed. Cl. 636, 647 (2024) (rejecting application of discovery rule by ruling "for Equal Pay Act claims, the relevant date is the date the violation occurred, not the date the complainant discovered it" (emphasis added)). Indeed, in the Fair Debt Collection Practices Act ("FDCPA") context, the Supreme Court assessed the interplay between discovery and the running of a limitations period:

> [Plaintiff] suggests that we should interpret § 1692k(d) to include a general "discovery rule" that applies to all FDCPA actions. In effect, [Plaintiff] asks the Court to read in a provision stating that § 1692k(d)'s limitations period begins to run on the date an alleged FDCPA violation is discovered. This expansive approach to the discovery rule is a bad wine of recent vintage. It is a fundamental principle of statutory interpretation that absent provisions cannot be supplied by the courts. To do so is not a construction of a statute, but, in effect, an enlargement of it by the court. A textual judicial supplementation is particularly inappropriate when, as here, Congress has shown that it knows how to adopt the omitted language or provision. Congress has enacted statutes that expressly include the language [Plaintiff] asks us to read in, setting limitations periods to run from the date on which the violation occurs or the date of discovery of such violation. In fact, at the time Congress enacted the FDCPA, many statutes included provisions that, in certain circumstances, would begin the running of a limitations period upon the discovery of a violation, injury, or some other event.

Rotkiske v. Klemm, 589 U.S. 8, 13-14 (2019) (citations omitted). While this decision might suggest the discovery rule is unavailable under the EPA, Stone did not raise the discovery rule, and so the Court need not consider this concept further.

Judge Boal reasoned that the statute of limitations is an affirmative defense for which Harvard bears the burden of proof to establish its entitlement to the defense with "certitude," and that at this stage, Harvard failed to bear its burden. Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). Harvard's response to this burden-of-proof analysis is to contend that the continuing-violation doctrine has no application here. The continuing-violation doctrine "allows courts to consider conduct that would ordinarily be time barred as long as the untimely incidents represent an ongoing unlawful employment practice." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 107 (2002). Generally, to establish a continuing violation, a plaintiff must satisfy three requirements: (1) "the claim must arise from a series of related events that have to be viewed in their totality in order to assess adequately their discriminatory nature and impact"; (2) "at least one incident occurred within the limitations period"; and (3) the plaintiff "was aware that she was being discriminated against." Harrington v. Lesley Univ., 554 F. Supp. 3d 211, 227 & n.7 (D. Mass. 2021) (cleaned up). "[A] court should not hastily dismiss on timeliness grounds a harassment claim where a continuing violation is alleged." O'Rourke v. City of Providence, 235 F.3d 713, 727 (1st Cir. 2001).

Before Morgan, courts often categorized claims pertaining to unequal pay as "continuing violations" in assessing their timeliness. See, e.g., Ashley v. Boyle's Famous Corned Beef Co., 66 F.3d 164, 168 (8th Cir. 1995) (en banc) (explaining that ongoing practice of discriminatory pay that began prior to statute of limitations period may nevertheless be considered timely under doctrine of "continuing violation"), abrogated on other grounds as recognized by Madison v. IBP, Inc., 330 F.3d 1051, 1056-57 (8th Cir. 2003); Nealon v. Stone, 958 F.2d 584, 592 (4th Cir. 1992) ("This continuing violation principle that applies . . . [to] discrimination violations of Title VII applies also to sex discrimination allegations under the Equal Pay Act."). Then in Morgan, a

4

Title VII decision, the Supreme Court explained that "discrete discriminatory acts," like each unequal paycheck, "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." 536 U.S. at 112, 113. While the decision to establish a disparate pay rate for women is continuing in the sense that each paycheck embodying the discriminatory pay continues, several courts after Morgan have suggested that the discrimination is not a "continuing violation" in the same sense as a hostile work environment arising out of the accumulation of multiple individual acts. See, e.g., Axelrod v. Bd. of Regents, No. 18-427 KG/GBW, 2018 U.S. Dist. LEXIS 170878, at *14 (D.N.M. Oct. 3, 2018) ("[E]ven if the 'continuing violation' doctrine applies to claims under the Equal Pay Act, it is unavailable to alter the applicable statute of limitations because each discriminatory paycheck is a discrete act of discrimination under Morgan."); McGuirk v. Swiss Re Fin. Servs., Corp., No. 14-CV-9516 (CM), 2016 U.S. Dist. LEXIS 81338, at *30-31 (S.D.N.Y. June 17, 2016) ("The continuing violation doctrine does not apply to claims brought under the FLSA, the Equal Pay Act, or FMLA."); Lange v. United States, 79 Fed. Cl. 628, 629 (2007) ("[EPA] claims are not subject to the continuing violation doctrine."). Yet at least one district court within the First Circuit, in a detailed decision, applied the continuing-violation doctrine to an EPA claim in the face of a statute-of-limitations challenge at summary judgment. See Tourangeau v. Nappi Distribs., 648 F. Supp. 3d 133, 206 (D. Me. 2022). In light of the intensely factual nature of the claim, the sensible reasons articulated by Judge Boal, and the further considerations noted below, the Court denies the Motion to Dismiss on statute-of-limitations grounds.

As to potential recovery, the EPA's damages provision provides: "[A]ny employer who violates the provisions of [the EPA] . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated

5

damages." 29 U.S.C. § 216(b). Its text differs markedly from the EPA's statute of limitations. The limitations provision provides actions "may be commenced within two years after the cause of action accrued," or three years if "arising out of a willful violation," after which a claim "shall be forever barred." 29 U.S.C. § 255(a). Notably, the damages provision contains no such restriction. In other words, even if a claim arising from a paycheck issued more than three years before the suit was filed is untimely (i.e., it cannot support a claim for violation of the EPA), that does not necessarily prevent Stone from recovering on a timely claim (i.e., one arising within the three years) damages flowing from a discriminatory paycheck issued more than three years before she brought suit. Cf. Warner Chappell Music, Inc. v. Nealy, 601 U.S. 366, 372 (2024) (holding where statute establishes three-year period for filing suit but no similar qualification in its remedial sections exists, "there is no time limit on monetary recovery," and "a copyright owner possessing a timely claim for infringement is entitled to damages, no matter when the infringement occurred").

However, some courts have limited recovery under the EPA to the statutory limitations period. See, e.g., O'Donnell v. Vencor Inc., 466 F.3d 1104, 1113 (9th Cir. 2006); Pollis v. New Sch. for Soc. Rsch., 132 F.3d 115, 118-19 (2d Cir. 1997); Knight v. Columbus, 19 F.3d 579, 582 (11th Cir. 1994); Ashley, 66 F.3d at 168; Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 351 (4th Cir. 1994); Gandy, 24 F.3d at 865; Metzinger, 173 Fed. Cl. at 651. Although never having squarely held so, the First Circuit has assumed that a three-year cap would exist on liability under the EPA. See McMillan v. Mass. SPCA, 140 F.3d 288, 306 (1st Cir. 1998) (referring to "three-year cap on back pay liability under the EPA"); Sec'y of Lab. v. Daylight Dairy Prods., 779 F.2d 784, 789 (1st Cir. 1985) ("If the employing company willfully violates the FLSA, it is liable for three years of back wages; it is liable for only two years if the violation

is not willful."). Given the framework governing review of a complaint on a motion to dismiss, coupled with the burden Harvard bears on its affirmative defense, the Court concludes Harvard has failed to establish at this stage that the EPA claim is limited to two or three years. In this case, these are questions better determined based on the fuller factual record typically available at summary judgment or trial. See Gociman v. Loyola Univ. of Chi., 41 F.4th 873, 885 (7th Cir. 2022) ("At the motion to dismiss stage for failure to state a claim, we test the sufficiency of the complaint, not the merits of the case."). For all the above reasons, the Motion to Dismiss as to the EPA claim is DENIED.

      B.    Statute of Limitations on Title VII and Chapter 151B Claims

Harvard next objects to Judge Boal's invoking the continuing-violations doctrine with regard to Stone's Title VII and Chapter 151B claims. Ordinarily, "successful Title VII litigants could receive damages for back pay, limited to the pay for the two years prior to the filing of a charge of discrimination." Hernández-Miranda v. Empresas Díaz Massó, Inc., 651 F.3d 167, 170-71 (1st Cir. 2011) (citing 42 U.S.C. § 2000e-5(g)(1)).

> [L]iability may accrue and an aggrieved person may obtain relief as provided in subsection (g)(1), including recovery of back pay for up to two years preceding the filing of the charge, where the unlawful employment practices that have occurred during the charge filing period are similar or related to unlawful employment practices with regard to discrimination in compensation that occurred outside the time for filing a charge.

42 U.S.C. § 2000e-5(e)(3)(B).

Where "discrete acts of alleged retaliation fall outside the filing period, such acts are time-barred." Rae v. Woburn Pub. Sch., 113 F.4th 86, 103 (1st Cir. 2024) (cleaned up) (citing Dressler v. Daniel, 315 F.3d 75, 79 (1st Cir. 2003)), cert. denied, No. 24-794, 2025 WL 889159 (U.S. Mar. 24, 2025). "Even where one discrete act falls within the charge filing period, . . . the continuing violations doctrine could not be applied to allow discriminatory and retaliatory acts

7

that are plausibly or sufficiently related to that timely act to also be considered for the purposes of liability." Id. at 103-04 (cleaned up). "[I]n order to invoke [the continuing-violations] doctrine, a claimant must show at a bare minimum a series of discriminatory acts that emanate from the same discriminatory animus." Id. at 104. While not "foreclose[d]" entirely, the First Circuit warned against masking "discrete acts of retaliation as a single retaliatory harassment claim comprised of temporally distant conduct, multiple forms of protected activity undertaken for various purposes, and several discrete adverse actions." Id. at 105. And in such cases, "the continuing violation doctrine is arguably more accommodating under Massachusetts law than under federal law." Id.

Here, as Judge Boal explained, Stone has plausibly alleged "a series of discriminatory acts that emanate from the same discriminatory animus," Rae, 113 F.4th at 104, and Harvard has failed to meet its burden of establishing with "certitude," Nisselson, 469 F.3d at 150, that the statute-of-limitations affirmative defense bars her claim. While there are certain discrete acts prior to the limitations period, Stone's case does not concern "multiple forms of protected activity undertaken for various purposes," Rae, 113 F.4th at 105, over the span of eleven years. In any event, the two discrete acts that Harvard alludes to—the 2022 PIP decision and Stone's 2023 termination—are both within the limitations period dating back three (or even two) years from her last paycheck in June 2023. Doc. No. 43 at 10-11. All of these determinations arise out of the intersection of the fully explored factual record, better determined at summary judgment or trial, with the theories of liability advanced. This Objection is OVERRULED.

    C.    Alternative Explanation on Discrimination Claim

Harvard's invoking an "obvious alternative explanation" to the alleged discrimination against Stone is meritless. Frith v. Whole Foods Mkt., Inc., 38 F.4th 263, 274 (1st Cir. 2022). The facts, as Stone has alleged, do not even remotely resemble the circumstances referred to in

8

Frith, where Whole Foods sought to enforce a preexisting-but-unenforced rule relating to political statements on masks in the face of the global pandemic. Cf. id. at 270 ("We have explained that assessing plausibility is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." (cleaned up)). At this stage of the proceedings, the Court must consider the facts in the light most favorable to Stone and draw all reasonable inferences in her favor. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 9 (1st Cir. 2011). Stone has plausibly alleged claims of discrimination. The Objection is thus OVERRULED.

      D.    Retaliation Claim

Finally, Harvard challenges the conclusion that Stone plausibly alleged retaliation. Insofar as Harvard asserts that a female coach employed by Harvard challenging the practices by which Harvard pays male (as compared to female) coaches is "protesting societal issues" generally, Harvard misreads the Complaint, and this is not an apt analogy as it was in Firth. 38 F.4th at 278 n.15; Doc. No. 43 at 13. Harvard separately contends Stone failed to plausibly allege retaliation. As previously explained, at this stage of the proceedings, the Court, after independent consideration, agrees with the assessment of Judge Boal that, viewing the facts in the light most favorable to Stone and drawing all reasonable inferences in her favor, Stone has sufficiently pled a retaliation claim. Accordingly, the Objection is OVERRULED.

II.    CONCLUSION

Accordingly, the Court ADOPTS Judge Boal's R&R (Doc. No. 41), ALLOWS that much of the Motion to Dismiss regarding the statute of limitation barring the MEPA claims outside the limitations period, and OTHERWISE DENIES the Motion to Dismiss (Doc. No. 13).

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge